## COLBY *v.* COLLINS.

The description in the pleadings of the land in controversy will not be extended by proof that the party's title extended further by a settlement of the line, or by an adverse possession.

Where a tract of land was described in pleading as the whole of Lot No. 52, excepting twenty acres off the east end of the same, which had been conveyed to P. O., it was *held* the description could not be restricted within the line of the twenty acres, by showing that the title did not extend so far.

TRESPASS *quare clausum.* The action had been referred to a commissioner, who reported that the plaintiff, at the date of the alleged trespass, was owner of the tract of land described in his writ, being the whole of lot No. 52 in the second division of eighty acre lots in Warner, in this county, excepting twenty acres from off the east end of the same, which had been conveyed by the plaintiff's grantors to one P. Osgood, whose title the defendants, or one of them, had ; and that the defendants, at the times specified in the writ, going beyond the limits of the twenty acres, broke and entered the plaintiff's close, the same being that portion of said eighty acre lot No. 52, remaining after the conveyance of twenty acres to P. Osgood, and therein committed the trespasses complained of in the plaintiff's writ.

The defendants, electing to try the case by the jury, filed a statement in writing, alleging, substantially, that

they expected to show that they did not, at the times specified, break and enter the plaintiff's close, the same being that portion of the eighty acre lot mentioned in said report remaining after the conveyance of the twenty acres mentioned in said report to P. Osgood, and therein commit the trespasses charged in the plaintiff's writ, or any portion of the same, as found by the commissioner.

On the trial before the jury, the plaintiff proved that the alleged trespasses were committed upon that part of lot No. 52, beyond the limits of twenty acres from off the east end of the lot, if those twenty acres were separated from the rest of the land by a line parallel to the undisputed east line of the lot, at such distance therefrom as to include precisely twenty acres.

The defendants proposed to show that they owned the twenty acres, and that there was at the east end of the lot a rangeway three rods in width, and a highway across the said twenty acres, and that a line drawn parallel to the east line of the lot, at such distance as to include only twenty acres in addition to what was covered by half of this rangeway, and by this highway, would include the place of the alleged trespass. They also proposed to show that, after the conveyance to P. Osgood of the twenty acres, and about thirty years ago, a line between the land conveyed to him and the rest of the lot, and parallel to the east line thereof, including more than twenty acres, and embracing the place of the alleged trespass, had been established by the adjoining owners, as the true west line of the twenty acres.

The court held the evidence inadmissible under the defendants' statement, and directed a verdict for the plaintiff, and the defendants excepted.

*Tappan & Hazelton,* for the plaintiff.

*Rolfe & Marshall,* for the defendants.

Colby *v.* Collins.

BELL, C. J. If we suppose the agreed line proposed to be proved should be fully established, the question is, whether the language of the defendants' statement, "that portion of the eighty acre lot, No. 52, remaining after the conveyance of the twenty acres mentioned in said report to P. Osgood," excepted the whole tract owned by P. Osgood's grantees after the line was settled, or only twenty acres by measure off the east end of the lot, as originally conveyed to Osgood.

An exception is to be construed like a grant. If the language of this exception was used in a deed to describe the land, it would read thus: "twenty acres off the east end of lot No. 52, conveyed by plaintiff's grantors to P. Osgood," because this is the twenty acres described in the report. Now, upon a grant in these words, there can be no doubt that the deed must be held to convey all the land conveyed by the plaintiff's grantors to P. Osgood, and no more, whether the tract proved to have nineteen acres, or twenty, or twenty-one. The quantity "twenty" would be rejected as an erroneous description, if the land conveyed to Osgood proved to contain twenty-one acres, because there could be no doubt of the intention to describe what was conveyed to Osgood. *Johnson* v. *Simpson*, 36 N. H. 94; *Winkley* v. *Kaime*, 32 N. H. 274; *Eastman* v. *Knight*, 35 N. H. 555.

If, then, we suppose that the deed to Osgood described twenty acres by measure, but, from careless measurement, or other cause, Osgood claimed, under his grant of twenty acres, twenty-one acres, and his claim, from assent, acquiescence, or twenty years' adverse possession, had now become an unimpeachable title, it would seem clear that all he held under his claim derived from that conveyance would pass by his deed. If, for instance, the parties to the deed — the land being of little value — had gone on together to establish the line, and had run off twenty

acres, as near as they could, without compass or chain, had put down monuments upon the line they made, and agreed the line they had thus marked, whether accurate or not, should be the line between them, there would be no doubt that all included in that line would pass, and no more. If there were twenty-one acres, it would be all conveyed by the deed, and if but nineteen acres, no more would be included; because it is a settled principle, that monuments control the language of a description, if named in the deed, and then existing on the ground; *Bowman* v. *Farmer*, 8 N. H. 402; *Smith* v. *Dodge*, 2 N. H. 303; if named in the deed, and afterward erected on the ground; *Learned* v. *Morrill*, 2 N. H. 198; *Prescott* v. *Hawkins*, 12 N. H. 27; and, though not named in the deed, yet if subsequently erected by the parties on the ground; *Clough* v. *Bowman*, 15 N. H. 504; *Whitehouse* v. *Bickford*, 29 N. H. 478; *Dudley* v. *Elkins*, 39 N. H. 78. Indeed, the general proposition may be drawn from our decisions, that where a party has himself a title to land having a certain description, and he afterward, by agreement with an adjoining owner, settles the line between them so as to change that description, if he sells the property by the original description, it will transfer the title only to the newly established limits, and it will include *all* within those limits.

If, then, we hold that the language of the statement, if used in a grant, would include the land included within the lines of the twenty acres, as settled by the parties, the same construction must of course be given to it, when it is the language of an exception.

The question then arises, whether the same rule of construction would apply to the language of the statement; in other words, to the language of pleadings; and if so, if these expressions can be properly construed in a statement, as they are construed in a deed.

Colby *v.* Collins.

The principle adopted by the courts, in relation to the description of the demanded premises in real actions, is thus stated by *Wilde*, J., in *Atwood* v. *Atwood*, 22 Pick. 287 : "In the description of the land, reference is had to a deed, and unless the description can be aided by that reference, it is not sufficiently definite and certain; and it is very clear that it cannot be thus aided. Such a reference would be good in a conveyance of the land, or in a demand of dower before action brought; but where lands are demanded, the description of them must be so certain that seizin may be delivered by the sheriff, without reference to any description of them dehors the writ. It is not necessary in every case to describe the land demanded, by metes and bounds, but there must be a certain description of them in the writ itself, and no defect can be cured by reference to any existing conveyance. Stearns' R. A. 151; *Bindover* v. *Sindercombe*, 2 Ld. Raym. 1270; *Miller* v. *Miller*, 16 Pick. 215; Com. Dig., Pleader, 2 Y, 2.

"The reference to a deed, which is not permitted to aid a defective description, cannot be permitted either to extend or restrict the effect of a description [in a declaration], which is complete and perfect in itself." *Flagg* v. *Bean*, 25 N. H. 65.

Upon the principles thus stated, the same language here in question, which, if used in a deed, would be construed, by reference to extrinsic facts, to include all to the agreed line, would be construed in a count in a real action, without any such reference, and must be limited to what is embraced in its terms.

The same rule of construction, it seems to us, should be adopted in construing the same language in any other pleading, or analogous proceeding. Every plea is to be taken most strongly against the pleader. Gould Pl. 162, ch. 3, sec. 169. This rule, he says, is founded, not only upon the presumption that each party's statement is the most favorable to himself of which his case will admit,

but also upon the obviously reasonable principle, that it is incumbent on each pleader, in stating the ground of his action or defence, to *explain himself* fully and clearly. Any ambiguity or omission in the pleadings must, therefore, be at the peril of that party in whose allegation it occurs. *Ib.* See *Stradling* v. *Morgan,* Plowd. 202; and Plowd. 104; 1 Ch. Pl. 241; Com. Dig., Pleader, E, 6.

If, then, the terms of the statement do not include by their own force the place of the alleged trespass, they cannot be extended by proof that the party's right extended further.

That fact would be good ground for an amendment of the statement; but, until such amendment, the evidence, which had a tendency to prove ownership beyond the language of the statement, or a trespass beyond the same limits, is irrelevant and inadmissible.

The conclusion then seems to be, that the ruling of the court upon the point was correct.

*Judgment on the verdict.*